OPINIÓN. HáRron, Judge: During the taxable years 1944 and 1945 petitioner contributed the amounts of $40,082.22 and $39,854.67, respectively, to an employees’ trust, which was set up pursuant to a profit-sharing plan and approved by the Commissioner as exempt from tax under section 165 (a) of the Internal Revenue Code. The amounts contributed were exactly 15 per cent of the compensation otherwise paid or accrued during the taxable year to the employees covered by the plan. Petitioner contends that the amounts so contributed are all deductible under section 23 (p) (1) (C) of the Internal Revenue Code,[1] and that the contributions were made pursuant to the requirements of the plan and the trust thereunder. Respondent admits that some part of the contributions is properly deductible, but argues that only the amounts required by the plan may be deducted under section 23 (p). He has computed the amounts called for during the years 1944 and 1945 as $17,717.95 and $17,718.53, respectively, and has disallowed as deductions the differences between those amounts and the funds actually contributed. Respondent does not contend that the payments made to or under the plan for the years involved herein were not reasonable compensation to the employees, or, in so far as they were properly deductible under section 23 (p) (1) (C), that they were not ordinary and necessary business expenses. The first question to be decided in this proceeding, therefore, is the amounts of the contributions required' by the profit-sharing plan as approved by the Commissioner. The plan called for an annual contribution by petitioner of “fifteen per cent of the compensation otherwise paid or accrued during the Company’s fiscal year to the Participants and employees eligible to become participants as of the anniversary date of the contribution, less the amount of forfeitures occuring [sic] since the last anniversary date by reason of terminations of employment.” The annual contribution, however, could not “be in such amount as to reduce by more than twenty-five per cent the net profits” after deducting an annual dividend requirement, stipulated to be $18,720 for the years in question. “Net profits” were defined by the agreement as follows: For the purposes of this Agreement, the words “net profits” shall mean the net earnings of the Company for each fiscal year ending September 30 as determined by the Company’s independent accountants. The conflict between the computations by petitioner and respondent of the maximum contributions allowed by the plan arises from the fact that, in computing the “net profits” as defined by the plan, which can not be reduced by the contribution by more than 25 per cent after deducting the dividend requirement, petitioner has included as Federal tax expense a hypothetical figure arrived at by determining what the Federal taxes would be if there were no deduction for the contribution to the plan; respondent, on the other hand, has arrived at the “net profit” figure by deducting as an expense the actual Federal taxes due if a contribution is made.[2] It is obvious from a reading of the plan’s definition of “net profits” that respondent’s determination of the amount of “net profits” for purposes of computing the maximum allowable contribution is the correct one. This definition expressly states that in the determination of “net profits” there shall be deducted from gross earnings “all Federal taxes (including the amount shown on the original income tax return for the year in question of all income, excess profits, declared value excess profits, and taxes on undistributed earnings, if any).” (Emphasis added.) The only possible interpretation of this wording is that the actual Federal taxes paid, rather than a hypothetical figure, must be included as an expense. Before he would grant approval to the plan under section 165 (a), the Commissioner required that the definition of “net profits” be modified by the inclusion, among other changes, of the italicized clause. The clear language of the agreement and declaration of trust setting up petitioner’s profit-sharing plan can only mean that the Federal tax expense to be deducted from gross earnings in determining “net profits” is the actual tax expense which will be paid. Under petitioner’s computation (see footnote 2), the Federal tax expense deducted is a hypothetical figure which differs from “the amount shown on the original income tax return.” Respondent’s computation conforms to the stricture in the agreement that the amount of the contribution to the plan shall not be deducted as an expense in determining “net profits.” And he is correct in his determination that the agreement and declaration of trust requires that the actual Federal tax expense be deducted from gross earnings in determining the profit figure which the employees’ share of the profits can not reduce by more than 25 per cent after dividend requirements are met. Petitioner also contends that, even if the payments made are in excess of those required by the profit-sharing plan, section 23 (p) (1) (C). does not circumscribe the allowable deduction by the amount of contribution called for by the terms of the agreement. Petitioner takes the position that the only limitation contained in section 23 (p) (1) (C) is that the allowable deduction for such a contribution is restricted to 15 per cent of the compensation otherwise paid or accrued during the taxable year to the plan’s participants. But the purpose of the 15 per cent limitation is only to set the maximum amount which may be deductible; it does not mean that, even though a plan requires a certain contribution to be made, any payment in excess of that requirement may be deducted if it does not result in a total deduction greater than 15 per cent of the compensation of the plan’s participants. The profit-sharing plan under which the payments in question were made was approved by the Commissioner under section 165 (a), resulting in the exemption from tax of the trust. Section 23 (p) (1) (C), under which, the deduction in issue is claimed, expressly refers to contributions to a profit-sharing trust which may be deducted in the taxable year when paid “if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 165 (a)Thus, approval of an employees’ trust as tax exempt under section 165 (a) is a prerequisite to allowance as a deduction under section 23 (p) (1) (C) of an employer’s contributions to such a trust. To qualify as tax exempt under section 165 (a), the employees’ trust must be part of a plan designed and applied to enable the employees or their beneficiaries to share in the profits of their employer’s trade or business according to a predetermined formula. Regulations 111, sec. 29.165-1; Lincoln Electric Go. Employees’ Profit-Sharing Trust, 14 T. C. 598. If the provisions of the plan are approved, the trust set up under it is exempt from tax, and under section 165 (b) the contributions made to the trust are taxable to the employees benefited only when distributed or made available to them. The profit-sharing plan to which petitioner made payments was exempt under section 165 (a), but we have held that only part of the payments made by petitioner were to or under a plan as envisaged by sections 165 (a) and 23 (p) (1) (C) and approved by the Commissioner. Only such payments as were actually called for by the predetermined formula contained in the agreement and declaration of trust are deductible under section 23 (p) (1) (C). As is said in Mer-tens, Law of Federal Income Taxation (Supp. 1949), sec. 25.71, pp. 251-2: [The employer] is not entitled to a deduction under amended 1. R. C., Sec. 23 (p), however, unless the plan is either one qualifying under amended Section 165 (a) or the employees’ rights in the plan are nonforfeitable. This is brought out by a converse provision [section 23 (p) (1) (D)] making the employer’s contribution deductible in the taxable year in which paid if the employees’ rights are nonforfeitable. Respondent does not question the deductibility of such contributions as were called for by the plan. But he correctly disallows the excess payments made, which can not be said to be a part of the plan as it was approved, with its accompanying tax benefits, by the Commissioner. (Compare the interrelated effect of sections 165, 23 (p) (1), and 22 (b) (2) (B), all added to the Internal Revenue Code by section 162 of the Revenue Act of 1942.) Petitioner makes no argument that the excess contributions were deductible under subparagraph (D) of section 23 (p) (1), since it is clear that the employees’ rights were forfeitable to varying extents if their employment was terminated otherwise than by reason of death or retirement. See H. S. D. Co. v. Kavanagh, 88 Fed. Supp. 64 (Dist. Mich. 1949). It is held, therefore, that respondent was correct in his determination that only the amounts of $17,717.95' and $17,718.53 were deductible by petitioner as contributions under section 23 (p) (1) for the taxable years 1944 and 1945, respectively. Reviewed by the Court. Decision will be entered for the respondent. The actual computations made by petitioner and respondent for the taxable year ended September 30, 1945, of the maximum amount required to be contributed by the terms of the agreement and declaration of trust are as follows: (a) Petitioner’s computation: Net income before taxes and contribution_$281, 681. 43 Less: Taxes on $281,681.43*_$204, 846. 45 Dividend commitment_ 18, 720. 00 223, 566. 45 $58,144. 98 Less 25%- 14,528.74 Amount to be retained by company after contributions are determined_ $43, 586. 24 Maximum contribution which will leave the company $43,586.24: 100 14, 528.74X- (since the tax rate would be 72%)_ $51, 888. 29 28 *The actual Federal tax expense would be $167,486.90, based on taxable income of $281,681.43 less deductible contribution of $51,888.29. (b) Respondent’s computation: Formula for contribution “C” : C=.25 (281,681.43 — T —18,720) Formula for excess profits tax “T” : T= [(281,681.43 - 0 80% -20,340.37)90% C = $17,718.53 T = 171,746.96 Net income before taxes and contribution_$281, 681. 43 Less: Net excess profits tax_$171, 746. 96 Income tax_ 20, 340. 37 Dividend commitment_ 18, 720. 00 210, 807. 33 Net profit for limitation under profit-sharing plan. $70, 874.10 Maximum contribution under 25% limitation_ $17, 718. 53